UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK; NATIONAL ASSOCIATION, As trustee for structured mortgage investments II Inc; BEAR STEARNSMORTGAGE FUNDING TRUST 2006-AR2; and MORTGAGE PASS-THROUGH CERTIFICATES, Series 2006-AR2,<br><br>Plaintiffs,<br><br>v.<br><br>ATALL SHERZAD; MIZHGAN ALAM,<br><br>Defendants. | No. 2:22-cv-00552-TLN-CKD<br><br>**ORDER** |

    This matter is before the Court on Defendants Atall Sherzad and Mizhgan Alam's ("Defendants") Notice of Removal. (ECF No. 1.) For the reasons set forth below, the Court hereby REMANDS the action to the Superior Court of California, County of San Joaquin due to lack of subject matter jurisdiction.

///

///

///

///

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On September 9, 2019, Plaintiffs Wells Fargo Bank; National Association, As trustee for structured asset mortgage investments II Inc.; Bear StearnsMortgage Funding Trust 2006-AR2; and Mortgage Pass-Through Certificates, Series 2006-AR2 ("Plaintiffs") brought an action for unlawful detainer against Defendants for possession of real property located at 16777 English Country Trail, Lathrop, CA 95330 (the "Property").  (ECF No. 1 at 5, 13.)  On March 28, 2022, Defendants filed a Notice of Removal removing this unlawful detainer action from the San Joaquin County Superior Court.  (*See id.*)

### II.    STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331.  *See* 28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc.*, 482 U.S. at 392. Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60–62 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

///

### III. ANALYSIS

Defendants removed this action based on federal question jurisdiction. (ECF No. 1 at 2.) To support their claim of federal question, Defendants argue "Plaintiff's claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." (*Id.* at 2–3.) Despite Defendants' assertion, it is clear the Complaint itself contains only a single claim for unlawful detainer. (*Id.* at 5–15.) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. Based on the well-pleaded complaint rule as articulated above, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392.

Defendants have failed to establish their burden of showing that jurisdiction before this Court is proper based on federal question jurisdiction. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

### IV. CONCLUSION

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California, County of San Joaquin.

IT IS SO ORDERED.

**DATED:** March 28, 2022

Troy L. Nunley
United States District Judge